UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 6:12-CR-58-GFVT-HAI-2 |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| MELVIN MOUNTS, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 12, 2013, Defendant pled guilty to conspiracy to distribute oxycodone. D.E. 194. Defendant's Presentence Investigation Report ("PSR") and its addendum ascribed Defendant a criminal history category of VI and an enhanced base offense level of 32, as Defendant was determined to be a career offender under §4B1.1. D.E. 264 at ¶ 48, 62. Factoring in a reduction for acceptance of responsibility, the PSR ascribed a total offense level of 29, yielding a Guidelines Range of 151 to 188 months. *Id*. at ¶ 50, 84. At sentencing, District Judge Van Tatenhove adopted the PSR after Defendant withdrew his objection to the inclusion of a crime in his criminal history, as it did not affect his criminal history category. D.E. 220; D.E. 287 at 3. Judge Van Tatenhove sentenced Defendant to 151 months imprisonment to be followed by five years of supervised release. D.E. 234. Judgment was entered October 15, 2013. *Id.* Defendant filed an appeal, which was denied by the Sixth Circuit Court of Appeals on October 3, 2014. D.E. 312. Defendant did not file a petition for a writ of certiorari.

On June 1, 2016, Defendant, through counsel, filed a motion to vacate sentence. D.E. 343. District Judge Van Tatenhove construed Defendant's motion as a 28 U.S.C. § 2255 motion, and referred the matter to the undersigned. D.E. 344. Defendant moves the court to vacate his

sentence pursuant to *Johnson v. United States*, 135 S. Ct. 251 (2015). D.E. 345-1. According to Defendant, *Johnson* applies to his sentence and would invalidate his career offender enhancement based upon his prior convictions for facilitating robbery 1st degree. *Id.*

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Because Defendant's motion plainly lacks merit and is time-barred, it must be denied.

## I. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). § 2255 imposes a strict one-year statute of limitations. That limitations period runs from the latest of four events, only two of which are relevant in this case:

(1) the date on which the judgment of conviction becomes final;

(2) [or] . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C § 2255(f).

When a Defendant appeals, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 524 (2003). The Supreme Court of the United States's Rules mandate that a petition for writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Rules of the Supreme Court of the United States Rule 13. Thus, Defendant's one-year statute of limitations under § 2255(f)(1) expired in January 2016. Unless he can show that § 2255(f)(1) does not apply, his claim is time-barred.

## II. Analysis

Defendant's motion does not address any issue of timeliness, thus Defendant has failed to establish that his motion is not time-barred. However, even construing Defendant's motion liberally, it is untimely. Based on Defendant's citation to *Johnson*, the Court assumes his motion argues that § 2255(f)(3) should apply based upon *Johnson v. United States*, 135 S. Ct. 251 (2015). The *Johnson* decision indeed fits within § 2255(f)(3)'s parameters. The Court in *Johnson* recognized a new right that has been made retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The holding of *Johnson* was that the "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) was unconstitutionally void for vagueness.

Defendant cites *Johnson* and argues that he was sentenced as a "career criminal offender" under § 924(e)(2)(B). Defendant, however, was not sentenced under the Armed Career Criminal Act, but as a Career Offender under §4B1.1. *See* D.E. 264 at ¶ 48, 63. Thus, Defendant's argument, liberally construed, is that *Johnson* applies to his Career Offender enhancement under the Guidelines. The Sixth Circuit recently held that *Johnson* does indeed apply to certain Career Offender sentences. *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016); *see also United States v. Stephens*, No. 15-5553, 2016 WL 3194689, at *1 (6th Cir. June 9, 2016). The Court in *Pawlak* joined the majority of Circuits "in invalidating the Guidelines' 'residual clause' as unconstitutionally vague." *Pawlak*, 822 F.3d at 903. The Court held that *Johnson* applied to the clause in USSG § 4B1.2(a)(2) that was "textually identical" to the Armed Career Criminal Act's residual clause. *Id*. at 904-905.[1]

Section 4B1.1(a) of the Guidelines defines "Career Offender" for sentencing purposes:

> **(a)** A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 then defines the terms "crime of violence" and "controlled substance offense:"

> **(a)** The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> **(b)** The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a

---

[1] *Pawlak*'s retroactivity is, at this point, unsettled. The Court need not determine whether Defendant can benefit from *Pawlak* because, even if *Pawlak* is retroactive, its holding does not apply to his case.

4

> controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The italicized portion of USSG § 4B1.2(a)(2) printed above is the clause that was invalidated in *Pawlak*. *Pawlak*, 822 F.3d at 911. Accordingly, assuming that *Johnson* (through *Pawlak*) applies retroactively to Career Offenders, Defendant's motion would only be timely if his Career Offender status depended on the residual clause of the Guidelines' definition of "crime of violence."

Defendant cannot rely on *Johnson*, *Welch*, and *Pawlak* to overcome the one-year statute of limitations because his sentence did not involve § 4B1.2(a)(2)'s residual clause. Defendant's Career Offender designation was based on having "at least two prior felony convictions of…a crime of violence." *See* USSG § 4B1.1(a). Defendant's PSR describes two separate convictions for facilitating robbery 1st degree. D.E. 264 at ¶ 55, 56. Each of these convictions qualify as a crime of violence under § 4B1.1, but not because of the residual clause.

§ 4B1.2(a)(1) provides, in part, that a crime of violence means any offense under state law punishable by a term exceeding one year that "has an element the use, attempted use, or threatened use of physical force against the person of another[.]" Defendant argues that facilitating robbery 1st degree, under Kentucky law, does not meet the statutory definition of a crime of violence, and to use them to qualify Defendant as a career offender is improper under *Johnson*. However, facilitating robbery first degree qualifies as a crime of violence under § 4B1.2(a)(1)'s use of force prong, not the residual clause. *See United States v. Elliot*, 757 F.3d 492 (6th Cir. 2014) (interpreting same Kentucky statute under the Armed Career Criminal Act). The Sixth Circuit in *Elliott* found that "force or the threatened use of force is an element of facilitation to commit robbery, first degree, and thus…we need not reach the question whether

the offense would be a violent felony under the residual clause." *Id*. at 496. The *Elliot* decision, although interpreting 18 U.S.C. § 924, applies to equally § 4B1.2. *See Pawlak*, 822 F.3d at 905 (noting that § 924 and § 4B1.2 are the same and are interpreted identically.)

The record therefore makes clear that Defendant qualifies as a career offender on the basis of two crimes of violence under §4B1.2(a)(1)'s force prong, not by operation of the residual clause. Therefore, *Johnson*, *Welch*, and *Pawlak* have no applicability to his case. *Johnson* has no effect on his statute of limitations, and it has no application to his sentence. Defendant's motion to vacate is both clearly time-barred and unmistakably fails on the merits.

Defendant's motion requests that in the alternative that the "motion be held in abeyance until such time that the United States Sentencing Guidelines Commission's new definitions concerning the career criminal act are enacted." D.E. 345 at 1. Defendant provides no authority for holding his motion in abeyance, or any basis for concluding that such changes to the Guidelines would have any effect on his sentence. Thus, the Court cannot deal in speculation regarding what changes to the Guidelines may be made.

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

### III. Conclusion

Having conducted a preliminary review, the undersigned finds that Defendant's motion is plainly meritless. The one-year statute of limitations began to run on the date his judgment of conviction became final, which occurred in January 2015. Defendant's motion for § 2255 relief is untimely as *Johnson* is inapplicable to his case and Defendant may not use it to invoke §

2255(f)(3)'s alternative statute of limitations. The undersigned therefore **RECOMMENDS** that Defendant's motions (D.E. 345) be **DENIED** as time-barred. In the alternative, it is also unambiguous that the motion should be denied on the merits.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant's sole theory regarding the merits and the timeliness of his case relies on the applicability of *Johnson*. Because *Johnson* and *Pawlak* are plainly not applicable, reasonable jurists would not find this dismissal debatable.

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve

and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 21st day of July, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge