UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 6:12-CR-58-GFVT-HAI-2 |
| Plaintiff/Respondent, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MELVIN MOUNTS, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Movant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon Movant Melvin Mounts' petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 345.] Consistent with local practice, this matter was referred to Magistrate Judge Hanly A. Ingram, who filed a Recommended Disposition recommending that Mounts' motion be denied. [R. 347.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Mounts filed timely objections to the Recommended Disposition. [R. 349.] Mounts' two objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mounts' objections will be **OVERRULED**.

## I

Judge Ingram's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions the below key facts to frame its discussion and analysis, but, overall, chooses to incorporate Judge Ingram's discussion of the record into this Order.

Mr. Melvin Mounts was indicted, along with seven co-defendants, for conspiring to distribute oxycodone in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. § 846. [R. 1.] On June 12, 2013, Mount pled guilty to Count 1, which encompassed a violation of 21 U.S.C. § 846, conspiracy to distribute oxycodone. [R. 194.] A Presentence Investigation Report ("PSR") was prepared in which Mounts was categorized, under U.S.S.G. § 4B1.1, as a career offender with a criminal history category of VI and an enhanced offense level of 32. [R. 264 ¶¶ 48, 62.] The total offense level was reduced to 29 after a three point reduction due to Mounts' acceptance of responsibility, making the recommended Guideline Range for sentencing between 151 to 188 months. [R. 347.] At Mounts' sentencing, held on October 3, 2013, Mounts withdrew his objections to the PSR, which included an objection regarding his criminal history. [R. 220.] The Court entered a sentence of 151 months of imprisonment followed by five years of supervised release. [R. 234.] Mounts filed a timely appeal to the Sixth Circuit Court of Appeals, which was

subsequently denied on October 3, 2014. [R. 312.] Mounts did not filed a petition for a writ of certiorari with the Supreme Court. [R. 347.]

On June 1, 2016, Mounts, through counsel, filed a motion to vacate sentence which was construed by the Court as a 28 U.S.C. § 2255 motion. [*See* R. 344, R. 345.] Mounts' motion was then referred to Judge Hanly A. Ingram to review and prepare a Recommended Disposition. [R. 344.] Mounts based his motion on the premise that the Court used incorrect felony qualifiers during his sentencing, in light of the ruling in *Johnson v. United States*, 135 S. Ct. 251 (2015). [*Id.* at 2.] On July 21, 2016, Judge Ingram filed his Recommended Disposition calling for Mounts' motion to be denied as time-barred, and, alternatively, denied on its merits. [R. 347 at 7.] Mounts filed two objections to Judge Ingram's Recommended Disposition pursuant to his rights under 28 U.S.C. § 636(b)(1). [R. 349.]

## II

The Court finds that Mounts raised two objections to Judge Ingram's Recommended Disposition that are adequately specific to trigger *de novo* review by this Court. *See* U.S.C. § 636(b)(1)(c); *Mira*, 806 F.2d at 637. Mounts objects to the Magistrates' finding that his motion is time-barred and his second objection states that the court erred in sentencing him pursuant to U.S.S.G. § 4B1.1 instead of § 4B1.2. [R. 349.] As the second objection informs the decision on the first objection, the second objection will be discussed first.

In his second objection, Mounts calls for the Court to rule consistent with *Jones v. United States*, No. 15-1518 (2nd Cir. 2016), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016) to determine that his prior convictions for the facilitation to commit robbery in the 1st degree should not be considered a violent crime under

§ 4B1.1.  Thus, Mounts believes that he should have been sentenced under § 4B1.2.  [*Id.* at 1, 2.]

Mounts argues that "[u]nder the analysis laid out in <u>Johnson</u>, the Defendant [sic] involvement in

these [past] crimes [of facilitation to commit robbery in the 1ˢᵗ degree] would be considered

vague and therefore should not qualify him as career [sic] criminal offender."  [R. 345-1 at 2-3.]

However, the question of whether a conviction of facilitation to commit robbery in the 1ˢᵗ degree

involves violence or a threat of violence has already been decided by the Sixth Circuit Court of

Appeals.  In *United States v. Elliott*, the Sixth Circuit found that "force or the threatened use of

force is an element of facilitation to commit robbery, first degree, and thus, as in *Gloss*, we need

not reach the question whether the offense would be a violent felony under the residual clause."

*United States v. Elliot*, 757 F.3d 492, 496 (6th Cir. 2014).  Thus Mounts was correctly sentenced

under § 4B1.1.  While the *Mathis* analysis has been extended from ACCA cases to sentencing

under § 4B1.2 guidelines, *see United States v. Smith* 2017 WL 908225*4, the Court need not

discuss that analysis in the present case because the defendant was sentenced under the force

clause, not the residual clause, of the sentencing guidelines.

Turning to Mounts' first objection, the timeliness of his § 2255 Motion, the foregoing

analysis shows that Defendant's objection is without merit.  Although the *Johnson* decision may

have afforded convicted felons a new right to file a § 2255 Motion under 28 U.S.C. § 2255(f)(3)

by declaring the residual clause of the ACCA unconstitutional, that right does not extend to those

sentenced under U.S.S.G. § 4B1.1.  Since the defendant has not articulated a newly recognized

right that would extend the statute of limitations for filing a §2255 Motion, the current § 2255

Motion was time-barred as of January 2016.  [R. 347 at 2, 3.]  But, even had the defendant been

sentenced pursuant to 4B1.2's residual clause, the *Johnson* decision would not have afforded

Defendant Mounts relief.  In *Beckles v. United States*, the Supreme Court held that "the advisory

Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." 137 S. Ct. 886, 896 (2017).  Accordingly, *Johnson* and *Pawlak* do not provide Mr. Mounts with any basis for relief.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's analysis of Mounts' claims.  The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted.  Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack,* 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.      Defendant/Movant Mounts' objections to the Recommended Disposition [**R. 349**] are **OVERRULED**;

2.      The Magistrate Judge's Recommended Disposition [**R. 347**] is **ADOPTED** as and for the opinion of this Court;

3.      The Defendant's § 2255 Petition [**R. 345**] is **DISMISSED WITH PREJUDICE**;

4.    A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5.    **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 22nd day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge